# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAMALSIKOU LOWE,

    *Petitioner*,

vs.

JAMES M. SCHOMIG, *et al.,*

    *Respondents*.

2:04-cv-01034-JCM-RJJ

ORDER

This represented habeas action under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#34) to dismiss. Respondents contend that Ground 2(B) is not exhausted and that Ground 1 is barred by procedural default. The Court similarly will address the exhaustion issue as to Ground 2(B) first.

### *Exhaustion of Ground 2(B)*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983,

1 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state
2 courts with both the operative facts and the federal legal theory upon which his claim is
3 based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement
4 accordingly insures that the state courts, as a matter of federal-state comity, will have the first
5 opportunity to pass upon and correct alleged violations of federal constitutional guarantees.
6 *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d
7 640 (1991).

8 Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed
9 petition presenting both exhausted and unexhausted claims must be dismissed without
10 prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate
11 relief.

12 Petitioner concedes that Ground 2(B) "was not raised in state court." Petitioner
13 asserts, however, "that this claim is fully exhausted because there is an absence of any
14 available state corrective process at this time." He maintains that "any state post-conviction
15 petition filed at this stage of the proceeding would be denied as untimely under" N.R.S.
16 34.726(1). He further maintains that "any state post-conviction petition filed at this stage
17 would be dismissed as successive under" N.R.S. 34.810. Petitioner accordingly contends that
18 the exhaustion requirement is satisfied because there is no available state remedy because
19 he procedurally defaulted the claim in state court. #38, at 5-6.

20 The Court will not hold that this claim is exhausted in the absence of an unequivocal
21 stipulation by petitioner that Ground 2(B) in fact would be denied as untimely and/or
22 successive if he returned to state court to present the claim. Any holding of exhaustion on
23 this basis further will be subject to the State's ability to then move to dismiss the claim on the
24 basis of procedural default.[1]

---

26 [1]*See Morrison v. Mahoney*, 399 F.3d 1042, 1045-47 (9th Cir. 2005)(the State does not impliedly waive
the procedural default affirmative defense by not raising the defense in an initial motion to dismiss); *United
27 States v. Valdez* 195 F.3d 544, 548 (9th Cir. 1999)(similar). The Court notes that the Supreme Court recently
held that a district court could raise the federal time-bar defense *sua sponte* even after the State expressly
28 (continued...)

-2-

Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under current Nevada state post-conviction procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the claim in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome these procedural bars;[2] (2) petitioner cannot avoid dismissal of the claim in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars;[3] and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claim despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

In the absence of such concessions, the Court will not hold that there is no possibility that the unexhausted claim would be considered by the state courts in Nevada.

### *Procedural Default as to Ground 1*

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred unless the petitioner can demonstrate either: (a) cause for the

---

[1](...continued)
conceded in its answer that the petition was timely. *See Day v. McDonough*, 126 S.Ct. 1675 (2006). As a general matter, the circumstances under which the limitation and procedural default affirmative defenses must be raised by the State or can be raised by the district court *sua sponte* are the same for one defense as they are for the other. *See,e.g., Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

[2]*See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are nearly identical).

[3]*See,e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See,e.g.,Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003). To demonstrate cause for a procedural default, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To satisfy the prejudice requirement, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

In Ground 1, petitioner alleges that the evidence was insufficient to sustain his conviction. Respondents contend that petitioner raised only a state law challenge to the sufficiency of the evidence on direct appeal. Respondents further contend that his federal law challenge to the sufficiency of the evidence is procedurally defaulted because the Supreme Court of Nevada later declined to hear his federal insufficient evidence claim on state post-conviction review under the Nevada law of the case doctrine.[4]

Petitioner contends, *inter alia*, that he in fact exhausted the federal insufficient evidence claim on direct appeal because the federal and state standards for sufficiency of the evidence are identical. He further contends that the state law of the case doctrine does not operate as a procedural bar when the state courts refuse to again hear a claim that they previously have heard.

The Court is persuaded by the petitioner's arguments. In *Sanders v. Ryder*, 342 F.3d 991 (9th Cir. 2003), the Ninth Circuit based a holding that a federal ineffective assistance of counsel claim had been exhausted by the assertion of an ineffective assistance claim in state court on, *inter alia*, the fact that the Washington state courts analyzed both federal and state

---

[4] See #27, Ex. 39, at 9-17 (direct appeal brief); #28, Ex. 43, at 4-5 (Nevada Supreme Court order on direct appeal); #29, Ex. 55, at 6 (order of affirmance on state post-conviction appeal). The 2001 counseled brief on direct appeal did not expressly invoke federal law on the insufficient evidence claim, and the brief cited a 1974 Nevada Supreme Court decision for the governing standard. The state law case predated the leading federal decision in *Jackson v. Virginia* by five years.

-4-

1  law ineffective assistance claims under the very same *Strickland*[5] standard. 342 F.3d at 999-
2  1000. The *Sanders* court noted that it had become commonplace for the Washington state
3  courts simply to refer to "ineffective assistance of counsel" claims without specifying whether
4  the claims were state or federal claims. *Id.*, at 1000. *Sanders* is distinguished by, *inter alia*,
5  the fact that the document relied upon for exhaustion in that case was a *pro se* filing.
6  However, the Court is persuaded that the Ninth Circuit would follow *Sanders* and hold that,
7  standing alone, the assertion of a claim in state court where federal and state standards are
8  not merely similar but instead are wholly identical exhausts the federal claim.

9        In reviewing Nevada case law, this Court has not been able to discern any difference
10  whatsoever between the federal and state standards applied to a challenge to the sufficiency
11  of the evidence supporting a judgment of conviction. The federal standard under *Jackson v.*
12  *Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is applied by the Nevada state
13  courts apparently without regard to whether the challenge is expressly designated by the
14  appellant as a "federal" or as a "state" claim. *See,eg., Koza v. State*, 100 Nev. 245, 250-51,
15  681 P.2d 44, 47 (1984). Indeed, in the present case, on direct appeal, without any express
16  invocation by Lowe of federal law, the standard of review applied by the Supreme Court of
17  Nevada came virtually verbatim from *Jackson v. Virginia*. One of the state cases that the
18  court cited for this standard in turn cited directly to *Jackson v. Virginia* as the source for the
19  governing standard. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). It thus
20  is clear that the standard applied to Lowe's insufficient evidence claim was the very same
21  *Jackson v. Virginia* standard that is applied to a claim expressly designated as a federal claim.

22        The Court can see no reason to find a claim unexhausted when the claim has been
23  reviewed by the state courts under the identical standard applied to a claim expressly
24  designated as a federal claim. Such a claim has been fairly presented to the state courts and
25  in fact fully reviewed by those courts. The Court therefore holds that Ground 1 is exhausted.
26      / / / /
27
28      [5]*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

1  Accordingly, when the Supreme Court of Nevada applied the Nevada law of the case
2 doctrine to the insufficient evidence claim presented on state post-conviction review, it was
3 applying the doctrine to bar the relitigation of a claim that had been actually decided on the
4 previous direct appeal. When a state court relies upon law of the case to preclude relitigation
5 of a claim that previously was actually raised and rejected on direct appeal, the application
6 of such a relitigation bar has no effect on federal habeas review. In such a situation, the
7 constitutional claim actually was exhausted and adjudicated on the merits; and the claim
8 therefore is subject to federal habeas review notwithstanding a subsequent refusal to again
9 consider the constitutional claim later on state post-conviction review. *See, e.g., Calderon v.*
10 *United States District Court*, 96 F.3d 1126, 1131 (9th Cir. 1996). The bar merely to relitigation
11 of the actually-adjudicated claim does not constitute a procedural bar to federal review of the
12 claim. *Id.*

The Court therefore holds that Ground 1 is not procedurally defaulted.

IT THEREFORE IS ORDERED that respondents' motion (#34) to dismiss will be GRANTED IN PART and DENIED IN PART, as per the remaining provisions of this order. On the record presently before the Court, Ground 2(B) is not exhausted.

IT FURTHER IS ORDERED that the represented petitioner shall have thirty (30) days from the date of entry of this order to file either:

    (1) a motion for dismissal without prejudice of the entire petition, for partial dismissal only of Ground 2(B), and/or for other appropriate relief; or

    (2) an unequivocal stipulation that Ground 2(B) in fact would be denied as untimely and/or successive if he returned to state court to present the claim, in which he expressly concedes that: (a) petitioner cannot avoid dismissal of the claim in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome these

1 procedural bars; (b) petitioner cannot avoid dismissal of the claim in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars; and © the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claim despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

Any motion or stipulation filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by the petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion or stipulation, and that he has authorized that the relief sought therein be requested or that the stipulation and concessions therein be made.  The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the required verification is not timely filed.

DATED this 7th day of March, 2007.

_____
JAMES C. MAHAN
United States District Judge